# John C. Sleeth, plaintiff in error, *vs.* John H. Murphy, defendant in error.

### *Error to Desmoines.*

A demurrer to a plea, admits the truth of the facts pleaded.

The statute of limitations must be pleaded.

A demurrer will not lie, although the lapse of a sufficient time between the accruing of the action and the commencement of the suit, should appear upon the face of the declaration.

The matter of defence, set forth in a plea, is valid and available at the time of pleading the same.

Statutes of limitations apply to the remedy, and changes in such statutes, take effect upon antecedent contracts.

A demurrer will lie to a plea of non assumpsit within five years, if the legislature has extended the limitation to six years, which is unexpired at the time of the plea pleaded.

This was an action of assumpsit and attachment, brought by John C. Sleeth against John H. Murphy.

The facts are set out in the opinion of the court.

GRIMES & STARR, for plaintiff in error, cited:

Ballentine on Limitations, 225, 207–8–9–10 ; 3 Peters, 270 ; 2 Mason, C. C. R., 151 ; 2 Peters Dig., 117 ; 1 Caines Rep., 402 ; 3 Johns. Rep., 263 ; 7 Johns. 477 ; 2 Cranch, 272.

RORER, for defendant in error, cited:

1 Salk. 287 ; 1 Ld. Ray. 153 ; 12 Petersdorf, 355 ; 9 Conn. Rep., 357 ; 1 Day's Conn. Rep. 245 ; 4 M'Cord S. C. Rep. 210 ; 2 Salk. 422 ; 2 Ld. Ray. 833 ; 3 Black. Com. 308 ; 3 Peters, 30.

PER CURIAM, MASON, CHIEF JUSTICE.—The summons in this case was issued May 20th, 1843, and served the same day. On the 23d of June following, a declaration was filed, containing two counts : the first special, the second comprising the common counts. The first alleges the indebtedness to have accrued in March, 1838. The second states that on the 1st day of June, 1838, the defendant was indebted in the further sum, &c. On the 19th day of October, 1843, the defendant pleaded the statute of limitations ; that he did not undertake and promise,

41

&c., " at any time within five years next before the commencement of this action." To this plea there was a demurrer, which was overruled, and this overruling of the demurrer is now assigned for error.

The counsel for the plaintiff asserted, that the court below in making the decision just referred to, erred for two reasons :

1. The plea was to the whole declaration, and though a good plea to the first count, was bad as to the second, which lays the cause of action on the 1st of June, 1845, and is for goods sold and delivered.

2. The plea was bad to the first count, inasmuch as there was no limitation of this action to five years at the time of plea pleaded.

The first of the above reasons is wholly unsubstantial. In trying an issue in law, we do not investigate facts. The demurrer admitted the truth of the plea which alleged that the whole cause of action had accrued more than five years prior to the bringing of the suit. The time alleged in the second count of the declaration, is not decisive of the true time when the indebtedness arose, and even if it were, that fact would not be available on demurrer.

But the second reason given above, we regard as sound and sufficient. The law in force at the time the suit was commenced, limited the time within which such actions should be commenced, to five years. But the act of the 15th of February, 1842, and which took effect on the fourth of July following, extended such limitation to six years. This law was therefore in force when the plea was pleaded. Which is to govern the law in force at the time of bringing the suit or that when the plea was pleaded. The natural conclusion upon reading the statute would indicate, that the case would be under the control of the former law. The statute in force when this suit was brought, declares that actions of this kind " shall be commenced within five years next after the cause of action shall have accrued and not after." This would seem to be a prohibition against commencing such suit after the expiration of five years from the accruing of the cause of action, and consequently a plea setting forth such lapse of time, would seem to be sufficient.

But in such a case a demurrer ought to lie to the declaration where the lapse of more than five years should appear from the declaration itself, as is the case in relation to the first count of the declaration in the present instance.

Now, although such would be the natural construction of the language of the statute, we feel controlled in this matter, by the decisions of other courts on like statutes. ( It has been of late years invariably held, that a statute of limitations must be pleaded ;\ that a demurrer will not lie,

although the lapse of a sufficient time between the accruing of the action and the commencent of the suit, should appear from the face of the declaration. If then, a plea be necessary, it seems to us that the matter of defence set forth in such plea, must be valid and available at the time of pleading the same.

It has also been held by the highest judicial authority in this country, that statutes of limitations applied merely to the remedy, and that changes in such statutes took effect upon antecedent contracts. If such be the case, then all proceedings to enforce the remedy in such cases, which take place after the new law becomes in force, must be in accordance therewith. We think therefore, the five year limitation pleaded in this case, was not at that time a sufficient defence, and that the demurrer thereto should have been sustained.

Judgment reversed and case remanded.